IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| HUBFUL VENTURE CONSULTING and GREGORY ALLEN FISHER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 5:23-CV-066-H-BV |
| NTS COMMUNICATIONS, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs allege, among other things, that Defendants stole their intellectual property and breached an oral contract. Dkt. No. 1. Because Plaintiffs have not established subject-matter jurisdiction, the undersigned magistrate judge recommends that the Complaint be dismissed without prejudice. Alternatively, the undersigned magistrate judge recommends (1) dismissal of the intellectual-property claim for failure to state a claim and (2) declination of supplemental jurisdiction over any state-law claims.

1. **Background**

    A. **Procedural History**

    HubFul Venture Consulting (HubFul)[1] and Gregory Allen Fisher (Plaintiffs) filed a Complaint and application to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2. In

---

[1] HubFul is a sole proprietorship appearing pro se through its sole proprietor, Gregory Fisher. Dkt. No. 1. A sole proprietorship need not be represented by counsel. *See M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010).

accordance with *Special Order 3-251*, the case was automatically referred to the magistrate judge for pretrial management. Dkt Nos. 3, 10.

Plaintiffs assert diversity jurisdiction. Dkt. No. 1 at 1 (using form that cites "28 U.S.C. § 1332; Diversity of Citizenship" (emphasis omitted)), 3–4 (setting out the requirements for a diversity case and explaining how those requirements were met). Notwithstanding this assertion, the Complaint failed to establish diversity jurisdiction, so the Court requested additional information. Dkt. No. 5. In a supplemental filing, Plaintiffs referenced, among other things, 28 U.S.C. § 1331, "which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States." Dkt. No. 6. Thus, Plaintiffs appear to invoke both federal question and diversity jurisdiction. *Id.*

Plaintiffs were permitted to proceed IFP and were ordered to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), to obtain additional information about the factual bases of their claims. Dkt. Nos. 7, 8. Plaintiffs timely returned the completed questionnaire. Dkt. No. 9.

### B. Plaintiffs' Allegations

In short, Plaintiffs assert claims for theft of their intellectual property (IP) and breach of an oral contract. Dkt. Nos. 1 at 4–5; 9 at 4–5. These claims arise from events occurring during Fisher's employment with Defendant Vexus Fiber, LLC (Vexus) between November 8, 2021, and January 13, 2023. *Id.* at 10.[2] Fisher alleges that on

---

[2] Page citations to Plaintiffs' pleadings refer to the electronic page number assigned by the Court's electronic filing system.

2

March 9, 2022, he made a presentation to Vexus's Chief Executive Officer (CEO), Defendant Jim Gleason, on ways that Vexus could "create a better experience for [its] end-users (residential and business customers) and stand out and grow the company." Dkt. No. 1 at 4; *see also* Dkt. No. 9 at 3, 8–9. Fisher claims that, prior to the presentation, he informed Gleason that he was presenting "under [his] [c]onsulting [b]usiness," and he wanted to receive compensation for "the ideas that [he] was about to show [Gleason]." Dkt. No. 9 at 1–2. Gleason allegedly responded "that [they] would talk about [compensation] once [Fisher] presented [his] ideas." *Id.* at 2.

Based on this interaction, Plaintiffs contend that Fisher and/or Hubful entered an oral contract with Vexus under which they would receive compensation for the ideas that Vexus implemented. *Id.* at 3, 5. Plaintiffs claim that Vexus breached the oral contract by using their ideas without compensation. Dkt. Nos. 1 at 4; 9 at 4–5. And Fisher alleges that Vexus wrongfully terminated him on January 13, 2023, so Defendants could "steal [his] IP." Dkt. No. 9 at 5. Plaintiffs seek compensatory and punitive damages. Dkt. Nos. 1 at 5; 9 at 14.

## 2. Legal Standards

### A. Subject-Matter Jurisdiction

Federal courts have a duty to examine their own subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the

case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh*, 546 U.S. at 513. Section 1331 provides for federal-question jurisdiction, while § 1332 provides jurisdiction where there is diversity of citizenship. *Id.* "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States." *Id.* (internal quotation marks omitted). The court has diversity jurisdiction, on the other hand, where all parties are diverse from another and the amount in controversy exceeds $75,000.[3] 28 U.S.C. § 1332(a).

"[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding*, 851 F.3d at 536 (alteration in original) (citation omitted)). "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotation marks and citation omitted) (observing that citizenship and residence "are not synonymous terms," despite declarations to the contrary). But a corporation is "a citizen of every State . . . by which it has been incorporated *and* of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "Principal place of business" refers "to the place where a corporation's officers direct,

---

[3] Plaintiffs have satisfied the amount-in-controversy requirement. Dkt. No. 1 at 4; Dkt. No. 9 at 14.

4

control, and coordinate the corporation's activities"—i.e., "the corporation's 'nerve center'"—which is normally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (per curiam) (explaining that the citizenship of a corporation "is that of the state in which it is incorporated and the state where it has its principal place of business"). Finally, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019).

The party invoking the court's jurisdiction bears the burden of establishing it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

**B.     Preliminary Screening under 28 U.S.C. § 1915**

Section 1915(e) requires dismissal of an IFP complaint if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions and lacks an arguable basis in law if it embraces meritless legal theories. *See id.* at 327. When analyzing a pro se plaintiff's complaint, a court may consider reliable evidence such as the plaintiff's allegations,

5

responses to a questionnaire, and authenticated records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' in forma pauperis claims as frivolous based on adequately identified or authenticated records).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true but do not credit conclusory assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must still plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

3. **Analysis**

   A. **The Court lacks subject-matter jurisdiction over Plaintiffs' claims.**

   Plaintiffs allege that the Court possesses subject-matter jurisdiction over this action on two grounds—diversity and federal-question jurisdiction. Dkt. No. 1 at 1, 3, 5 (referencing 28 U.S.C. § 1332 and stating the amount in controversy is more than $75,000); 6 at 1 (citing 28 U.S.C. § 1331 and claiming Defendants stole their IP). But Plaintiffs fail to establish this Court's jurisdiction on either basis.

### i.    Federal-Question Jurisdiction

"[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "The basis for federal subject matter jurisdiction must affirmatively appear in the pleadings of the party seeking to invoke jurisdiction." *Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987).

Here, Plaintiffs generically claim that Defendants stole their IP. Dkt. Nos. 1 at 5; 9 at 6–10. But when asked to specify the statutory basis for their claim, Plaintiffs quoted from the Vexus employee handbook. Dkt. No. 9 at 6. Plaintiffs reference their intellectual property, but they do not allege that they hold a copyright or patent, and they fail to cite any federal statute under which they bring their intellectual-property claim, despite having been provided an opportunity to do so. *See* Dkt. Nos. 5, 8. Without more, Plaintiffs' factual allegations do not implicate a federal statute or constitutional provision. *See Richards v. British Petroleum*, 869 F. Supp. 2d 730, 737 (E.D. La. 2012) (reasoning that "[p]laintiff's general allegation of 'theft' of her intellectual property" was an attempt "to invoke state law"), *aff'd*, 533 F. App'x 378 (5th Cir. 2013) (per curiam); *Donelson v. Avis/Budget Grp.*, No. 2:19-CV-105-Z-BR, 2020 WL 536017, at *3–4 (N.D. Tex. Jan. 17, 2020) (concluding that the court lacked subject-matter jurisdiction where an "extensive review of the facts alleged in plaintiff's pro se pleadings" failed to "reveal a cause of action that support[ed] the exercise of federal-question jurisdiction" and explaining that any "further search . . . might fall into the category of construing elaborate scripts to save the complaint"), *R. & R. adopted by* 2020 WL 533447 (N.D. Tex. Feb. 3,

2020). Accordingly, Plaintiffs have not pleaded sufficient facts showing that the Court has federal-question jurisdiction. *Jones v. Gonzales*, No. MO–12–CV–00005, 2013 WL 12130358, at *4–5 (W.D. Tex. Feb. 28, 2013) (observing that although pro se plaintiff's failure to cite federal statute or constitutional grounds for claim was not fatal, "the facts alleged by [p]laintiff, even viewed in the most liberal fashion, simply d[id] not state or describe a cause of action in which federal-question jurisdiction [wa]s appropriate"), *R. & R. adopted by* 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013).

Plaintiffs also assert a breach-of-contract claim.[4] Dkt. No. 1 at 4. But this claim arises out of state law. *See, e.g.*, *Ferguson v. Matlock*, No. 3:23-cv-02681-B (BT), 2024 WL 665862, at *2 (N.D. Tex. Jan. 23, 2024) (observing that "breach of contract is typically a state-law claim"), *R. & R. adopted by* 2024 WL 665702 (N.D. Tex. Feb. 15, 2024); *Mohamed v. Sadek*, No. 3:23-CV-1835-D, 2023 WL 7412943, at *2 (N.D. Tex. Nov. 9, 2023) (stating that plaintiff's "breach of contract claim [arose] under state law, not federal law (the claim is neither created by federal law nor requires the court to resolve a substantial question of federal law). The Court therefore does not have federal question jurisdiction.

### ii. Diversity Jurisdiction

Plaintiffs also maintain the Court has diversity jurisdiction, but they have not shown that the parties are diverse. Plaintiffs make the following allegations in their Complaint as to the citizenship of the parties:

---

[4] In the questionnaire responses, Fisher says that he was wrongfully terminated but that such allegation "is not a part of this lawsuit." Dkt. No. 9 at 5.

- Plaintiff Fisher is a citizen of Texas.

- Plaintiff HubFul is a citizen of Texas.

- Defendant Gleason is a citizen of Missouri.

- Defendant Vexus "is incorporated under the laws of the State of Texas."

- Defendant NTS Communications, Inc. (NTS)—no citizenship allegation.

Dkt. No. 1 at 2–4.

Despite having been provided an opportunity to amend the jurisdictional allegation, Plaintiffs have not alleged the citizenship of *each* member of Vexus, a limited liability company. Dkt. Nos. 1 at 2–3; 5; 6. Without that information, the Court cannot adequately determine the citizenship of Vexus. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2005) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members.").

Moreover, Plaintiffs have not adequately pleaded diversity of citizenship as to NTS. *See* Dkt. Nos. 1 at 2; 6 (contending NTS "has business offices" in Lubbock and its "principal place of business is located in this state"). In their supplemental filing, Plaintiffs assert that NTS has offices in Lubbock, Texas, and maintains its principal place of business in Texas. Dkt. No. 6. This allegation is insufficient for the Court to evaluate NTS's citizenship. *See, e.g., Smith v. Quicken Loans*, No. 3:21-CV-903-L, 2021 WL 8323673, at *2 (N.D. Tex. July 7, 2021) (observing that "to the extent that [defendant] is a corporation, [p]laintiff's allegations do not include [defendant's] state of incorporation."); *Green Riverside, Inc. v. Black Jack Oil Co.*, No. 3:17-CV-396-L, 2018 WL 1318979, at *3 (N.D. Tex. Mar. 14, 2018) (concluding plaintiff failed to properly

9

allege citizenship as to defendant corporations, where the complaint omitted "the states of incorporation").

Regardless, Plaintiffs contend that NTS's principal place of business is in Texas, thereby defeating complete diversity. *Settlement Funding*, 851 F.3d at 536; *Beckett v. Itex Grp.*, No. 1:22-cv-276, 2022 WL 17842609, at *2 (E.D. Tex. Sept. 20, 2022) (concluding plaintiff failed to establish diversity jurisdiction where he did "not state the defendant is incorporated in a state other than Texas or that it has its principal place of business in a state other than Texas"), *R. & R. adopted by* 2022 WL 17834052 (E.D. Tex. Dec. 20, 2022). This is because Plaintiffs contend they are also citizens of Texas. Dkt. No. 1 at 3; *see Alston v. Prairie Farms Dairy, Inc.*, No. 4:18-cv-00157-DMB-JMY, 2018 WL 11270947, at *2 (N.D. Miss. Oct. 24, 2018) ("Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners."); *Nyamtsu v. Melgar*, No. H–13–2333, 2013 WL 6230454, at *4 & n.4 (S.D. Tex. Dec. 2, 2013) (equating citizenship of individual with his sole proprietorship); *Duffee v. Oak Cliff, Inc.*, No. 3–11–CV–2102–L, 2011 WL 6949293, at *2 (N.D. Tex. Sept. 26, 2011) ("Under Texas law, a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name.").

In sum, Plaintiffs have failed to establish complete diversity of the parties, and they have not shown federal-question jurisdiction. Because Plaintiffs have not demonstrated that the Court has subject-matter jurisdiction, the district judge should dismiss the case without prejudice. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir.

2021) ("[S]ua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.").

> **B.    Alternatively, Plaintiffs' theft of IP claim fails, and the Court should decline to exercise supplemental jurisdiction over any state-law claims.**

Even if the Court were to very liberally construe Plaintiffs' IP-theft claim to confer federal-question jurisdiction, it should be dismissed for failure to state a claim. As previously discussed, Plaintiffs generally contend that Defendants stole their IP. Dkt. Nos. 1 at 5; 9 at 6–10.

To the extent this claim is construed as one for copyright infringement, Plaintiffs have not pleaded sufficient facts to state a viable claim. "To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010) (citation omitted). "Ownership of a valid copyright is established by proving the originality and copyrightability of the material and compliance with the statutory formalities." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Here, Plaintiffs do not contend they complied with the applicable statute to obtain a copyright. Dkt. No. 9 at 6–10. They have therefore failed to show ownership of a valid copyright. *See, e.g., Windsor v. Olson*, No. 3:16-CV-934-L, 2019 WL 2080021, at *4, *9 (N.D. Tex. May 10, 2019) (stating that "[t]o bring an infringement action, a party must first register his or her work with the Copyright Office," and dismissing plaintiff's claim as to certain works

11

because he "acknowledged that he did not obtain copyright registrations" (citing 17 U.S.C. § 411(a))).

Similarly, if Plaintiffs' claims are intended to assert patent infringement, it falls short. To establish a patent-infringement claim, "a plaintiff must prove that the defendant, without authority, has made, used, offered to sell, or sold the patented invention." *Richards*, 869 F. Supp. 2d at 737 (citing 35 U.S.C. § 271(a)). Here, however, Plaintiffs plead no facts showing they have a patented invention that Defendants made, used, or sold. Dkt. No. 9 at 6–10. As such, any claim for patent infringement is not plausible. *See, e.g., Duckett v. TRYP Techs. Inc.*, No. 4:19-cv-00766-P-BP, 2020 WL 2769250, at *2–3 (N.D. Tex. May 12, 2020) (recommending dismissal of plaintiff's patent-infringement claim because none of his pleadings showed "that he [held] a patent issued by the USPTO which [was] an essential element of [his] claim"), *R. & R. adopted by* 2020 WL 2766069 (N.D. Tex. May 28, 2020).

Finally, Plaintiffs have not plausibly shown that Defendants engaged in IP theft, to the extent such a claim is cognizable under federal law. Fisher alleges that he presented and provided a copy of his PowerPoint, which contained his ideas for improving Vexus's business. Dkt. Nos. 1 at 4; 9 at 6–10. Those ideas included: implementing a business-account manager position; improving Vexus's website; offering higher-speed internet; and opening a new office. Dkt. No. 9 at 3, 8–9. Plaintiffs claim that Defendants "stole" some of these ideas, as reflected by Vexus's 2023 quarterly report and an internet job-listing. *Id.* at 4–5, 9–10. Plaintiffs do not assert that they conveyed anything more than ideas to Defendants. Nor can the Court reasonably infer that any Defendant copied or

otherwise stole Plaintiffs' ideas based on the unspecific statements contained in Vexus's quarterly report. Plaintiffs' allegations are simply too vague to raise their right to relief above mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); *Richards*, 869 F. Supp. 2d at 738–39 (dismissing plaintiff's theft of IP claim because "[t]he [c]ourt [could not] reasonably infer that any defendant copied her alleged work of authorship or used her idea based on the fact that she saw 'media pictures' of what she alleges was her work/idea"); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 242 (D.D.C. 2007) (concluding plaintiff had failed to state a theft of IP claim where she "simply alleged . . . that the Microsoft defendants stole her ideas and nothing more").

Having concluded that Plaintiffs' IP claim is subject to dismissal (the only potential claim arising under state law), the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any state-law claims, including one for breach of contract. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001) (noting that a "district court may refuse to exercise supplemental jurisdiction" over state-law claims when the court dismisses claims giving rise to original jurisdiction).

### 4. Recommendation

Because Plaintiffs have not adequately asserted subject-matter jurisdiction, the Complaint should be dismissed without prejudice. Alternatively, the undersigned

magistrate judge recommends that the United States District Judge dismiss with prejudice Plaintiffs' IP-theft claim for failure to state a claim and dismiss without prejudice Plaintiffs' claims arising under state law.

## 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 30, 2024.

*Amy Burch*
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE